UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTRANEL MARSHALL,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>COSTCO WHOLESALE CORPORATION DOES 1 TO 10, Inclusive,<br><br>　　　　Defendant. | Case No. CV 20-8850-DMG (Ex)<br><br>**ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED** |

　　　　This action is in a state of disarray. On November 30, 2020, the Court issued its Scheduling and Case Management Order re Court Trial because the parties failed to make a timely request for a jury trial. [Doc. # 14.] On October 18, 2021, the Court approved the parties' joint stipulation to continue the trial and related deadlines. [Doc. # 27.] On February 22, 2022, the Court again approved a joint stipulation to continue the trial. [Doc. # 29.] The Court approved yet a third joint stipulation to continue on April 22, 2022. [Doc. # 31.] In that stipulation, which was filed on April 14, 2022, the parties first referred to "a possible new party to the underlying lawsuit." [*See* Doc. # 30 at 2.] On May 6, 2022, the Court approved the parties' joint stipulation for a jury trial, and issued a new Scheduling and Case Management Order ("CMO"). [Doc. ## 33, 34.] That CMO established a cut-off of June 23, 2022 for the completion of non-expert discovery.

On June 6, 2022, the parties filed a joint stipulation for Plaintiff to file a First Amended Complaint ("FAC"), naming a new defendant, Lorex Technology, Inc. [Doc. # 35.] The Court approved the stipulation on June 13, 2022, and ordered Plaintiff to file the FAC no later than June 16, 2022. [Doc. # 39.] Plaintiff filed the FAC on June 20, 2022, four days late, and without the named defendants in the case caption. [*See* Doc. # 40.] Lorex Technology, Inc. filed its Answer on July 27, 2022. [Doc. # 45.] The Court subsequently dismissed this action as to Defendant Costco Wholesale for lack of prosecution. [Doc. # 50.] This action has thus been completely transformed since it was first removed to this Court nearly two years ago.

The final pretrial conference is set for August 16, 2022, and the parties' joint pretrial filings were due by August 9, 2022. None have been filed. Plaintiff and Defendant Lorex Technology have now stipulated to continue the trial and the final pretrial conference, and seek to conduct additional discovery even though the discovery cut-off has expired. [Doc. # 53.] But as the Court's Initial Standing Order makes clear,

> Counsel should avoid submitting requests for continuance or extension of time less than five (5) court days prior to the expiration of the scheduled date. A request to continue or extend dates or deadlines that have already expired is presumptively a lack of due diligence.

*See* Initial Standing Order [Doc. # 6].

The parties are thus **ORDERED** to attend a status conference on **August 12, 2022**, at **2:30 p.m.**, via Zoom videoconference. The clerk shall email the video link to the parties. Failure to provide a satisfactory explanation for the parties' apparent lack of diligence will result in the imposition of sanctions for failure to comply with a Court Order.

IT IS SO ORDERED.

DATED: August 11, 2022

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE